UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON GRAND JURY 2022
MARCH 21, 2023 SESSION



UNITED STATES OF AMERICA

v.                                    CRIMINAL NO.   2:23-cr-00031
                                                    21 U.S.C. § 846

ANTONIO LAMAR JEFFRIES
KARL LAMONT FUNDERBURK
TRES AVERY DAVIS
TELISA RENE MCCAULEY
MICHAEL ALLEN ROBERTS, JR.
TODD TYLER SNEAD
DEAYRIA EYSHAY WILLIS
JOHN PAUL LOUDERMILK
TIMOTHY ALLEN LOUDERMILK
KEITH ROYAL GOODE-HARPER
MARK LESLIE LIVELY
NICOLE LEIGH FIERBAUGH
LATESHA LASHAE NAPPIER
JEREMY RAYSHAD WALKER
RYAN KEITH KINCAID
CHARLES NORMAN PANNELL
SCOTT JEREMY SAVAGE
LES VAN BUMPUS

S U P E R S E D I N G
I N D I C T M E N T

The Grand Jury Charges:

COUNT ONE

     From in or about November 2022, to in or about March 2023, at
or near Charleston, Kanawha County, West Virginia, within the
Southern District of West Virginia and elsewhere, defendants

ANTONIO LAMAR JEFFRIES, KARL LAMONT FUNDERBURK, TRES AVERY DAVIS, TELISA RENE MCCAULEY, MICHAEL ALLEN ROBERTS, JR., TODD TYLER SNEAD, DEAYRIA EYSHAY WILLIS, JOHN PAUL LOUDERMILK, TIMOTHY ALLEN LOUDERMILK, KEITH ROYAL GOODE-HARPER, MARK LESLIE LIVELY, NICOLE LEIGH FIERBAUGH, LATESHA LASHAE NAPPIER, and JEREMY RAYSHAD WALKER, together with other persons whose identities are both known and unknown to the Grand Jury, knowingly conspired to commit offenses in violation of 21 U.S.C. § 841(a)(1), that is, knowingly and intentionally to distribute certain quantities of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

a.   With respect to defendants ANTONIO LAMAR JEFFRIES, TRES AVERY DAVIS, TELISA RENE MCCAULEY, MICHAEL ALLEN ROBERTS, JR., and TODD TYLER SNEAD, the amount of methamphetamine involved in the conspiracy and attributable to each defendant, as a result of their own conduct and the conduct of other conspirators reasonably foreseeable to each defendant, is 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers.

b.   With respect to defendant KARL LAMONT FUNDERBURK, the amount of methamphetamine involved in the conspiracy and attributable to him, as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him, is 50 grams

or more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers.

c.    With respect to defendants DEAYRIA EYSHAY WILLIS, JOHN PAUL LOUDERMILK, TIMOTHY ALLEN LOUDERMILK, KEITH ROYAL GOODE-HARPER, MARK LESLIE LIVELY, NICOLE LEIGH FIERBAUGH, LATESHA LASHAE NAPPIER, and JEREMY RAYSHAD WALKER, the amount of methamphetamine involved in the conspiracy and attributable to each defendant, as a result of their own conduct and the conduct of other conspirators reasonably foreseeable to each defendant, is a quantity of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers.

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

From in or about December 2022, to in or about March 2023, at or near Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia and elsewhere, defendants ANTONIO LAMAR JEFFRIES, KARL LAMONT FUNDERBURK, LATESHA LASHAE NAPPIER, JEREMY RAYSHAD WALKER, RYAN KEITH KINCAID, and CHARLES NORMAN PANNELL, together with other persons whose identities are both known and unknown to the Grand Jury, knowingly conspired to commit offenses in violation of 21 U.S.C. § 841(a)(1), that is, knowingly and intentionally to distribute quantities of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 846.

## COUNT THREE

From in or about December 2022, to in or about March 2023, at or near Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia and elsewhere, defendants ANTONIO LAMAR JEFFRIES, KARL LAMONT FUNDERBURK, DEAYRIA EYSHAY WILLIS, LATESHA LASHAE NAPPIER, SCOTT JEREMY SAVAGE, and LES VAN BUMPUS, together with other persons whose identities are both known and unknown to the Grand Jury, knowingly conspired to commit offenses in violation of 21 U.S.C. § 841(a)(1), that is, knowingly and intentionally to distribute quantities of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 846.

## NOTICE OF FORFEITURE

The allegations contained in Counts One, Two, and Three of this Superseding Indictment are realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 21 U.S.C § 853, 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2. Notice is hereby given to defendants ANTONIO LAMAR JEFFRIES, KARL LAMONT FUNDERBURK, TRES AVERY DAVIS, TELISA RENE MCCAULEY, MICHAEL ALLEN ROBERTS, JR., TODD TYLER SNEAD, DEAYRIA EYSHAY WILLIS, JOHN PAUL LOUDERMILK, TIMOTHY ALLEN LOUDERMILK, KEITH ROYAL GOODE-HARPER, MARK LESLIE LIVELY, NICOLE LEIGH FIERBAUGH, LATESHA LASHAE NAPPIER, JEREMY RAYSHAD WALKER, RYAN KEITH KINCAID, CHARLES NORMAN PANNELL, SCOTT JEREMY SAVAGE, and LES VAN BUMPUS of the United States' intent to institute forfeiture proceedings pursuant to 21 U.S.C. § 853 and 28 U.S.C. § 2461(c) upon the conviction of the above-captioned defendant(s) for an offense in violation of 21 U.S.C. § 846. The following property is subject to forfeiture in accordance with Section 853:

    a.   All property which constitutes or is derived from proceeds of the violations set forth in this Superseding Indictment.

    b.   All property used or intended to be used in any manner or part to commit or facilitate such violations; and

    c.   If, as set forth in 21 U.S.C. § 853(p), any property described in (a) or (b) cannot be located upon the

exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant(s) to the extent of the value of the property described in (a) and (b).

WILLIAM S. THOMPSON
United States Attorney

By: _____
JEREMY B. WOLFE
Assistant United States Attorney