IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                                        CRIMINAL NO. 2:23-cr-00031

ANTONIO LAMAR JEFFRIES

UNITED STATES RESPONSE TO DEFENDANT JEFFRIES' MOTION TO EXCLUDE

Comes now the United States of America, by Jeremy B. Wolfe, Assistant United States Attorney for the Southern District of West Virginia, and responds in opposition to the *Motion to Exclude Evidence of Wire, Oral, or Electronic Communications* (ECF 338) filed by defendant on June 30, 2023.

Beginning in the latter months of 2022, through March 2023, the United States was involved in a long-term wiretap investigation involving various connected distributors of controlled substances. As part of this investigation, two phones belonging to defendant were subject to court orders authorizing the contemporaneous interception of wire and/or electronic communications occurring over those devices. Specifically, on December 22, 2022, and on January 24, 2023, this Court signed Orders authorizing such interceptions over the defendant's phones (hereinafter referred to as "the Orders"). The Orders were each accompanied by sworn

1

Affidavits and Applications, and all those documents were filed with the Clerk of this Court under a separate case number and have been maintained under seal, although the United States obtained specific permission from this Court to disclose those documents to defense counsel as part of the discovery process.

Defendant's motion asks this Court to "exclude the communications, the written synopsis of all intercepted calls, as well as calls and summaries of calls broken down by individual defendant and all other evidence produced from the audiotapes" relating to the interceptions over his phones. In support of his request, defendant cites to various sections of 18 U.S.C. § 2518, the statute that deals with the requirements for an application seeking the interception of wire and/or electronic communications. This response will address each section invoked by defendant in turn.

First, defendant mentions 18 U.S.C. § 2518(1)(e), which requires each application for Title III interception to contain:

"a full and complete statement of the facts concerning all previous applications known to the individual authorizing and making the application, made to any judge for authorization to intercept, or for approval of interceptions of, wire, oral, or electronic communications involving any of the same persons,

2

facilities, or places specified in the application, and the action taken by the judge on each such application." After quoting this particular section of the statute, defendant's motion contains no further discussion of it.  He does not allege that the Applications associated with the Orders were deficient as it relates to 18 U.S.C. § 2518(1)(e), nor does he point to any specific shortcoming in those Applications.  Nevertheless, in the Affidavits which are incorporated by reference into the Applications associated with each of the Orders, under a heading entitled "PRIOR APPLICATIONS", a statement fully complying with 18 U.S.C. § 2518(1)(e) is included.  This section begins on page 22 of the Affidavit associated with the December 22, 2022 Order, and on page 18 of the Affidavit associated with the January 24, 2023 Order.

Second, defendant cites to 18 U.S.C. § 2518(1)(f), which states that "where the application is for the extension of an order, a statement setting forth the results thus far obtained from the interception, or a reasonable explanation of the failure to obtain such results [is required]."  Once again, defendant does not specifically allege that either of the Applications associated with the Orders is deficient as it relates to this section, nor does he point to any alleged shortcoming in the Applications themselves.  Nor could he.  The Application associated with the

December 22, 2022 Order sought the initial interception of wire communications occurring over one of defendant's phones. Therefore, since that Application was not seeking an extension of any previous order authorizing interceptions over defendant's phone, that particular Application was not subject to the requirements of 18 U.S.C. § 2518(1)(f) as it relates to the defendant's phone.  At that time, there had been no such previous order to extend.   The Affidavit associated with the January 24, 2023 Order contains a statement complying with 18 U.S.C. § 2518(1)(f) beginning on page 99, paragraphs 123 and 124. Essentially, those paragraphs explain why interceptions over defendant's phone up to that point had been insufficient to meet the goals of the investigation, and why continued interceptions over that phone, as well as the initial interception of communications occurring over an additional phone used by defendant, were necessary.

Third, and finally, defendant discusses the requirements set forth in 18 U.S.C. § 2518(1)(c).  Although he does not cite to this section of the statute, he does invoke it through a quotation of its content.  This section sets forth a requirement that is generally referred to as "necessity," specifically that each application must include "a full and complete statement as to whether or not other investigative procedures have been tried and

4

failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." Here, for the first time, defendant specifically alleges that the Applications submitted to the Court in connection with the Orders run afoul of a specific statutory requirement. However, he still fails to point to any specific shortcoming in either Application.

Wiretaps are "necessary tools of law enforcement. . . particularly where crimes are committed by large and sophisticated organizations." *United States v. Leavis*, 853 F.2d 215, 221-22 (4th Cir. 1988). "Courts must be careful not to read the statute [18 U.S.C. § 2518] in an overly restrictive manner. . . which could result in helping insulate more complex and sophisticated conspiracies." *United States v. Wilson*, 484 F.3d 267, 281 (4th Cir. 2007) (internal citation omitted).

A necessity showing is "to be tested in a practical and commonsense fashion." *United States v. Clerkley*, 556 F.2d 709, 714 (4th Cir. 1977). "Section 2518(1)(c) offers two alternatives to the government. It may show that traditional investigative techniques have been tried and have failed, or it may show that they are unlikely to succeed." *Id.* at 715. Under either alternative, "courts have made it clear that police need not exhaust every conceivable technique before making application for a wiretap." *Id*. (Finding that an affidavit sufficiently

demonstrated necessity despite failing to mention any attempts at physical surveillance on the four known principals in a gambling investigation).

"The burden that this provision imposes on the Government, however, is not great." *Wilson*, 484 F.3d at 281. Indeed, it is only required that an application include "specific factual information sufficient to establish that [the Government] has encountered difficulties in penetrating the criminal enterprise or in gathering evidence such that wiretapping becomes reasonable." *Id.* (citation omitted).

The Affidavits associated with each of the Orders, which are incorporated by reference into the associated Applications, each contain a section setting forth specific facts that establish necessity for the Orders. Each Affidavit contains these specific facts under a heading titled "NEED FOR INTERCEPTION." It begins on page 63 of the Affidavit associated with the December 22, 2022 Order, and on page 66 of the Affidavit associated with the January 24, 2023 Order. In the first Affidavit, the section addressing necessity spans nearly 50 pages and addresses at least 12 different investigative techniques. For each technique that is discussed, an explanation is included as to why that technique did not work, why it would not work if tried, or why it would be too dangerous to attempt. The second Affidavit also discusses necessity for

nearly 50 pages and addresses at least 12 different investigative techniques. Again, for each discussed technique, an explanation is included as to why that technique did not work, why it would not work if tried, or why it would be too dangerous to attempt. The section contained in each Affidavit includes a long discussion of case-specific facts, and defendant does not dispute the veracity of any of those facts.

These explanations as to the necessity of the sought-after Orders are therefore more robust than other such explanations that have been found sufficient by the Fourth Circuit. *See United States v. Galloway*, 749 F.3d 238, 243 (4th Cir. 2014) (necessity discussion included 10 alternative investigatory techniques); *See also Wilson*, 484 F.3d at 281 (affidavits spanning 64 pages and discussing 10 named alternative investigatory techniques).

It is therefore clear that the Applications (and Affidavits) associated with each of the Orders fully complied with the requirements of 18 U.S.C. § 2518. Consequently, defendant's motion should be denied.

Respectfully submitted,

WILLIAM S. THOMPSON
United States Attorney

By:

/s/Jeremy B. Wolfe
JEREMY B. WOLFE
Assistant United States Attorney
WV State Bar No. 11952
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
E-mail: Jeremy.Wolfe@usdoj.gov

8

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "United States Response to Defendant Jeffries' Motion to Exclude" has been electronically filed and service has been made on all counsel by virtue of such electronic filing this the 7th day of July, 2023, to:

Louie Thompson Price, Esq.
Price Law Office
815 Quarrier Street, Room 346
Charleston, WV  25301
E-mail: tomprice304@gmail.com

/s/Jeremy B. Wolfe
JEREMY B. WOLFE
Assistant United States Attorney
WV State Bar No. 11952
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
E-mail: Jeremy.Wolfe@usdoj.gov